USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/06/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STRIKE 3 HOLDINGS, LLC,

Plaintiff,

-v-

JOHN DOE,

Defendant.

26-cv-8535 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

Plaintiff Strike 3 Holdings, LLC ("Strike 3" or "Plaintiff") moves for leave to serve a third-party subpoena on Verizon Fios ("Verizon"), the internet service provider ("ISP") of Defendant John Doe ("John Doe" or "Defendant"), pursuant to Rule 26(d)(1) of the Federal Rules of Civil Procedure. Dkt. No. 6. Plaintiff seeks to ascertain the identity of John Doe, who, it claims, is illegally distributing its copyrighted content through peer to peer file sharing. For the same reasons set forth in this Court's prior opinions, *e.g.*, *Strike 3 Holdings, LLC v. Doe*, 2025 WL 105575, at *1 (S.D.N.Y. Jan. 15, 2025); *Strike 3 Holdings, LLC v. Doe*, 2024 WL 5009028, at *1 (S.D.N.Y. Dec. 6, 2024); *Strike 3 Holdings, LLC v. Doe*, 2024 WL 3797082, at *1 (S.D.N.Y. Aug. 13, 2024), Plaintiff's motion is granted.

However, for reasons also elaborated in the foregoing decisions, the Court finds good cause to issue a protective order in connection with the subpoena "in light of the substantial risk for false positive identifications that could result in 'annoyance, embarrassment, oppression, or undue burden or expense.'" *Strike 3 Holdings, LLC v. Doe*, 329 F.R.D. 518, 522 (S.D.N.Y. 2019) (Nathan, J.) (quoting Fed. R. Civ. P. 26(c)(1)). In particular, the Court will direct the ISP to serve

John Doe with a copy of the subpoena and will accord John Doe 60 days from the date of service of the subpoena to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that Strike 3 may serve a Rule 45 subpoena on Verizon, the ISP identified in its motion, to obtain information to identify John Doe, specifically their true name and current and permanent address. Strike 3 shall not request any additional information, including, but not limited to, an email address or telephone number. The subpoena shall have a copy of this Order attached, along with the attached "Notice to Defendant."

IT IS FURTHER ORDERED that Verizon will have 60 days from the date of service of the Rule 45 subpoena upon it to serve John Doe with a copy of the subpoena, a copy of this Order, and a copy of the "Notice to Defendant." Verizon may serve John Doe using any reasonable means, including written notice sent to John Doe's last known address, transmitted either by first-class mail or via overnight service.

IT IS FURTHER ORDERED that John Doe will have 60 days from the date of service of the subpoena to file any motion with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously. If John Doe decides to contest the subpoena, John Doe shall at the same time notify Verizon so that it is on notice not to release any of John Doe's contact information to Strike 3 until the Court rules on any such motion.

IT IS FURTHER ORDERED that if neither John Doe nor Verizon contests the subpoena within the 60-day period, Verizon shall have 10 days to produce the information responsive to the

subpoena to Strike 3; and that any information disclosed to Strike 3 in response to the subpoena may be used by Strike 3 solely to protect its rights as set forth in its complaint.

SO ORDERED.

Dated: October 6, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge

**NOTICE TO DEFENDANT**

1. You are a defendant in *Strike 3 Holdings, LLC v. John Doe*, 26-cv-8535-LJL, a case now pending before the Honorable Lewis J. Liman, United States District Judge for the Southern District of New York.

2. Attached is Judge Liman's Order, dated October 6, 2026 which sets forth certain deadlines and procedures related to this case.

3. You may hire a lawyer to represent you in this case or you may proceed *pro se* (that is, you may represent yourself without the assistance of a lawyer). If you choose to proceed *pro se*, all communications with the Court should be through the *Pro Se* Office of the United States District Court for the Southern District of New York. The *Pro Se* Office is located in Room 230 of the United States Courthouse, 500 Pearl Street, New York, N.Y. 10007, and may be reached at (212) 805-0175.

4. The plaintiff in this case has filed a lawsuit claiming that you have illegally downloaded and/or distributed movies on your computer.

5. The plaintiff may not know your actual name or address, but it does know the Internet Protocol address ("IP address") of the computer associated with the alleged downloading and/or distributing.

6. The plaintiff has filed subpoenas requesting your identity and contact information from your Internet Service Provider ("ISP").

7. If you do not want your ISP to provide this information to the plaintiff and you believe there is a legal basis for the ISP to withhold the information, you may file a motion to "quash" or "modify" the subpoena. This must be done within 60 days of the date that you receive notice from your ISP that you are a defendant in this case. If you choose to proceed *pro se*, your motion to quash or modify the subpoena should be mailed to the *Pro Se* Office, as described in paragraph 3.

8. If you move to quash the subpoena or otherwise move to prevent your name from being turned over to the plaintiff, you may proceed anonymously at this time. Nevertheless, if you are representing yourself, you will have to complete an information card that you can obtain from the *Pro Se* Office of the Court. This information is *solely for use by the Court* and the Court will not provide this information to lawyers for the plaintiff unless and until it determines there is no basis to withhold it. The Court must have this information so that it may communicate with you regarding the case.

9. Even if you do not file a motion to quash or modify the subpoena, you may still proceed in this case anonymously at this time. This means that the Court and the plaintiff will know your identity and contact information, but your identity will not be made public unless and until the Court determines there is no basis to withhold it.

10. If you want to proceed anonymously without filing a motion to quash or modify the subpoena, you (or, if represented, your lawyer) should provide a letter stating that you would like to proceed anonymously in your case. If you choose to proceed *pro se*, your letter should be mailed to the *Pro Se* Office, as described in paragraph 3. This must be done within 60 days of the date that you receive notice from your ISP that you are a defendant in this case. You should identify yourself in your letter by the case in which you are a defendant and your IP address. If you submit this letter, then your identity and contact information will not be revealed to the public unless and until the Court says otherwise.